IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,871






EX PARTE RAUL PARRA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20060D03360 IN THE 409TH DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and was sentenced to life imprisonment.

 Applicant raises several claims in his writ application, including trial court error, the denial
of a fair and impartial jury, ineffective assistance of trial counsel, and actual innocence. The bare
claims of trial court error and the denial of a fair and impartial jury are procedurally barred from
habeas review, and the actual innocence claim lacks merit. They are therefore denied. 


 Regarding Applicant's ineffective assistance of counsel claims, we order that this application
be filed and set for submission to determine whether there was deficient performance and resulting
harm. See Strickland v. Washington, 466 U.S. 668 (1984). The parties shall brief the following
issues.

 1. Whether Applicant was denied effective assistance of trial counsel when trial
counsel: (a) did not object to the trial court's response to a jury note as
violating the mandates of Article 36.27 of the Code of Criminal Procedure;
and (b) did not object to the contents of the trial court's response as
threatening to the jury and resulting in the deprivation of a fair and impartial
jury.

 

 2. Whether the actions of Applicant's trial counsel denied him a fair and
impartial jury when trial counsel, allegedly, did not adequately question the
venire panel during voir dire to reveal that one of the venire members who
later served on the jury had been a victim of crimes in the past even though
the juror had indicated on a questionnaire that the juror had not been such a
victim.


 It appears that Applicant is represented by counsel. If that is not correct, the trial court shall
determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by
counsel, the trial court shall appoint an attorney to represent Applicant. Tex. Code Crim. Proc. art
26.04. The trial court shall send to this Court, within 60 days of the date of this order, a supplemental
transcript containing: a confirmation that Applicant is represented by counsel; the order appointing
counsel; or a statement that Applicant is not indigent. All briefs shall be filed with this Court on or
before December 12, 2012.

Filed: September 12, 2012

Do not publish